UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ANTHONY T. RICHARDS,

    Plaintiff,

v.                                         No.: 3:11-cv-555
                                                      (VARLAN/SHIRLEY)

CHIEF RANDY BRACKINS,
DET. TIM WILLIAMS, and
GATLINBURG POLICE DEPT.,

    Defendants.

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is an inmate in the Sevier County Jail. His complaint concerns the alleged violation of his civil rights during his brief confinement in the city jail of Gatlinburg, Tennessee. The defendants are Gatlinburg Police Chief Randy Brackins, Detective Tim Williams, and the Gatlinburg Police Department.

At the outset, the Court notes that the Gatlinburg Police Department is not a suable entity within the meaning of 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

With respect to defendants Brackins and Williams, plaintiff did not state in his complaint whether the defendants are sued in their official capacities or individual capacities. Accordingly, the Court must presume that the defendants have been sued in their official capacities only. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). Because the defendants have been sued only in their official capacities, the Court must proceed as if plaintiff has in fact sued the City of Gatlinburg, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); Brandon v. Holt, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail plaintiff must demonstrate that the violation of his constitutional rights resulted from acts representing official policy or custom adopted by Gatlinburg, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245-46 (6th Cir. 1989).

> Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities. Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity.

2

*Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) (internal citations omitted). "A local governmental entity may be held liable under 42 U.S.C. § 1983 for violations of federal law committed pursuant to a governmental 'policy or custom.'" *Id*.

Plaintiff does not claim, nor does the record suggest, that the alleged violation of his rights was the result of any policy or custom on the part of the City of Gatlinburg, Tennessee. Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Sevier County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides

3

is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Sevier County, Tennessee, and the county attorney for Sevier County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

    **E N T E R :**

                                    s/ Thomas A. Varlan
                                    UNITED STATES DISTRICT JUDGE